UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY

Case No.:

IN RE:

PETITION OF ATLANTIC BEACH WATER SPORTS, INC., as Owner Pro Hac Vice of *M/V BLACK PEARL*, a 2014 Stingray 24 Bowrider, hull identification number PNYUSB47H314, her engine, tackle, and appurtenances,

      Petitioner.                                   /

**PETITION FOR EXONERATION**
**FROM OR LIMITATION OF LIABILITY**

Petitioner Atlantic Beach Water Sports, Inc. ("Petitioner"), as Owner Pro Hac Vice of *M/V BLACK PEARL*, a 2014 Stingray 24 Bowrider, hull identification number PNYUSB47H314, her engine, tackle, and appurtenances (the "Vessel"), hereby files this Petition for Exoneration From or Limitation of Liability pursuant to § 30501 *et seq.* of Title 46 of the United States Code, and Supplemental Rule F, and, in support thereof, alleges as follows:

    1.    This is a claim within the admiralty and maritime jurisdiction of this Court and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

    2.    Subject matter jurisdiction arises under 28 U.S.C. § 1333 and 46 U.S.C. § 30501 *et seq*.

3. The events, acts and circumstances giving rise to this action allegedly occurred over navigable waters of the United States, in the waterways in or near Palm Beach County and Broward County, Florida.

4. At all times pertinent hereto, Petitioner was the owner pro hac vice of the Vessel at the time of the referenced incident.

5. At all times pertinent hereto, Petitioner bareboat chartered the Vessel to Kristopher Blake Jackson ("Jackson").

6. Petitioner seeks exoneration pursuant to Supplemental Rule F(2) and, in alternative, seek to claim and invoke the rights, privileges, remedies and procedures of the Shipowners Limitation of Liability Act, Title 46, U.S. Code Section 30501 *et seq*.

7. On or about May 31, 2025, while the Vessel was in navigable waters in or near Palm Beach County or Broward County, Florida, and while under the care, custody, and control of Jackson, its occupants Alexandria Acquavella ("Mr. Acquavella"), Louis Acquavella ("Ms. Acquavella"), and Jackson, allegedly sustained injuries (the "Incident").

8. The Vessel sustained damage to the helm chair as a result of the Incident.

9. At all times material, the Vessel's voyage originated on May 31, 2025, in the area of Pompano Beach, Broward County, Florida, for a round-trip, same-day voyage, returning to the same location later in the day.

10. At all times material hereto, the Vessel was less than 100 gross tons, had three persons on board, none of the persons on board were passengers for hire, the Vessel was not chartered with crew provided or specified by Petitioner, the Vessel was not a submersible vessel, the Vessel was not a ferry, the Vessel was not a wing-in-ground craft, and the Vessel was not on an overnight voyage.

11. At all times material hereto, the Vessel was not a covered small passenger vessel, and Petitioner is entitled to the application of the Limitation Act.

12. At all times material, Petitioner exercised due diligence to make the Vessel seaworthy in all respects and to properly man, equip, outfit and supply the Vessel with suitable machinery, apparel, appliances, personnel and other appropriate and necessary equipment, all in good condition and suitable for its intended use.

13. At all times material hereto, Petitioner was qualified, properly trained, and experienced in the use and operation of the Vessel.

14. The Vessel was in navigable waters at the time of the Incident.

15. As a result of the Incident, counsel for Mr. Acquavella, Ms. Acquavella, and Jackson sent letters of representation and requests for insurance information to Petitioner. At this time, Petitioner is unaware of the filing of any lawsuits relating to the subject incident, and Petitioner is also unaware of any other injuries or potential claimants.

16. Petitioner's Limitation Action has been timely filed within six (6) months of any written notice of a claim and within six (6) months of the Incident.

17. The allegations contained herein constitute a sufficient factual basis supporting Petitioner being entitled to protection under the Limitation Act.

**COUNT I – EXONERATION OF ATLANTIC BEACH WATER SPORTS, INC.**

18. Petitioner reasserts and re-alleges each and every allegation set forth in paragraphs one (1) through seventeen (17) above as if more fully set forth at length herein.

19. At all times material prior to the incident, Petitioner exercised due diligence to make the Vessel seaworthy in all respects and to properly man, equip, outfit and supply the Vessel with

suitable engines, machinery, apparel, appliances, personnel and other appropriate and necessary equipment, all in good condition and suitable for its intended use.

20. The Vessel was, at all times relevant to the incident described herein and prior to Petitioner's bareboat charter to Jackson, completely seaworthy and free of any defect or deficiency in her hull, equipment and machinery.

21. There was no negligence on the part of Petitioner that caused or contributed to any alleged injury or loss or damage sustained by any claimant or potential claimant herein.

22. At all times material hereto, Petitioner exercised reasonable care under circumstances.

23. The Vessel at all times material to this action was reasonably manned, utilized, and operated.

24. Pursuant to Supplemental Rule F, Petitioner alleges it is entitled to exoneration as to any alleged damage sustained by any claimant or potential claimant arising from the incident as said damage was not the result of any fault or neglect attributable to Petitioner.

WHEREFORE, pursuant to the provisions of Supplemental Rule F(2), Petitioner Atlantic Beach Water Sports, Inc. must be exonerated from all fault and legal responsibility for said incident.

## COUNT II – LIMITATION OF LIABILITY
## OF ATLANTIC BEACH WATER SPORTS, INC.

25. Petitioner reasserts and re-alleges each and every allegation set forth in paragraphs one (1) through seventeen (17) above as if more fully set forth at length herein.

26. Pursuant to 46 U.S.C. §§ 30505 and 30511, Petitioner, in the alternative, is entitled to limitation to the amount or value of its interest in the Vessel following the incident.

27. The Vessel was within the jurisdiction of this Court at the time of the incident.

28. Petitioner avers the value of the Vessel immediately following the incident is no more than Fifteen Thousand Eight Hundred Dollars and Zero Cents ($15,800.00) as reflected in the Ad Interim Stipulation of Value and Stipulation for Costs filed with this Court and the Declaration of Value attached hereto as **Exhibit "A."**

WHEREFORE, pursuant to the provisions of Supplemental Rule F(2), Petitioner Atlantic Beach Water Sports, Inc.'s liability must be limited to the amount or value of its interest in the Vessel following the incident.

WHEREFORE, Petitioner prays:

a. This Honorable Court will enter an Order directing the issuance of a Monition to all persons, firms and corporations claiming damages for any and all losses, damages or injuries done, occasioned, sustained, or incurred by reason of the events described in this Petition, citing them to appear and answer the allegations of this Petition according to the law and practices of this Honorable Court on or before a date certain and time to be fixed by the Monition;

b. This Honorable Court enter an Injunction restraining the further prosecution and/or commencement hereafter of any and all suits, actions or legal proceeding of any nature or description already begun to recover damages arising out of, occasioned by or consequent upon the Incident as set forth in this Petition, except in the present proceeding;

c. This Honorable Court approve the Ad Interim Stipulation for Value filed with the Court as security for the potential claims subject to any claimant's right to challenge the security as permitted by the Supplemental Rules;

d. This Honorable Court adjudge and decree:

      i.     That Petitioner is not liable to any extent, but is exonerated from any responsibility, loss, damage, or injury, nor for any claim whatsoever in any way arising out of the incident; or

      ii.    That if Petitioner shall be judged liable, then such liability shall be limited to the value of its respective interest in the Vessel immediately following the incident and be divided in accordance with any claimants as may duly prove their claims, saying to all parties any priorities that they may be legally entitled and that a decree may be entered discharging Petitioner of all further liability;

e.    That Petitioner may have such other and further relief as this Court deems just and proper.

Dated: November 25, 2025

Respectfully submitted,

**DAVANT LAW, P.A**.
*Attorneys for Petitioner*
100 NE Third Ave, Suite 440
Fort Lauderdale, FL 33301
Telephone: (954) 414-0400

By:   */s/ Charles S. Davant*
       Charles S. Davant (Lead Counsel)
       Florida Bar No. 15178
       csd@davantlaw.com
       Brandon Bushway
       Florida Bar No. 101527
       beb@davantlaw.com

## **Certificate of Service**

I certify that on November 25, 2025, the foregoing document was filed with the Court's CM/ECF Document Filing System, which will serve a copy upon all counsel of record.

*/s/ Charles S. Davant*
Charles S. Davant